IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEARINGPOINT, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-675C |
| v. | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR CLARIFICATION
OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION

Pursuant to Rules 7 and 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court clarify the statement, contained in the last paragraph of its April 30, 2007 opinion and order, that "[t]he BPA and Task Order 3 therefore still exist and remain in effect." Bearingpoint, Inc. v. United States, No. 06-675C, slip op. at 12 (Apr. 30, 2007) ("Slip Op."). Given the Court's dismissal of the complaint for lack of subject matter jurisdiction, we interpret that statement as meaning nothing more than that the BPA and Task Order 3 have not been terminated through the affirmative action of an authorized Government contracting officer. However, should the Court have intended this statement to be a collateral declaration that the BPA and Task Order 3 did not cease to exist for any reason, we respectfully request that the Court grant partial reconsideration, pursuant to RCFC 59(a), and amend its opinion to delete that statement in its entirety.

In its opinion and order, the Court determined that the contracting officer of the Department of the Interior ("DOI") lacked authority to issue termination for default notices relating to the BPA and Task Order 3. Slip Op. at 10. Based solely upon that legal conclusion,

the Court, relying upon United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627, 637 (2004), held that the default terminations were "legal nullities," and, thus, that the Court "is without jurisdiction to review the merits of this case." Slip Op. at 12. The separate merits issue of whether the BPA and/or Task Order 3 would still exist and remain in effect in the event that the terminations were unauthorized is an issue that was never actually litigated by the parties, and its determination by the Court was not necessary to the Court's determination that it lacked subject matter jurisdiction to consider the merits. Therefore, the Court was unable to render any determination regarding that separate issue that could be binding upon the parties in future litigation. See, e.g., Mothers Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1571 (Fed. Cir. 1983) ("In order to give preclusive effect to a particular finding in a prior case, that finding must have been necessary to the judgment rendered in the previous action.").

Because the Court concluded that it lacked jurisdiction to consider the merits, and because the Court's statement – that the BPA and Task Order 3 are still in effect – was not necessary to the Court's resolution of the jurisdictional issue, we interpret the Court's statement as meaning only that the BPA and Task Order 3 have never been formally terminated by the Government. This leaves as an open question the issue of whether the BPA and Task Order 3 remain in effect.[1] In an abundance of caution, however, in light of the plain language of the

[1] Although the Court purportedly lacks jurisdiction to consider the matter, and we take no position here, there is some question regarding whether the contracts would have expired upon their own terms. In this regard, we note that the BPA, which was awarded on January 5, 2004, expressly stated the period of performance as being "for (1) one base year from date of award with (9) option years." Pl. Ex. A. The period of performance stated for Task Order 3 included an end date of January 31, 2005. Id. Moreover, in July 2005, Bearingpoint itself had taken the position that it had "no contractual obligation" to complete Task Order 3. Def. Ex. D. These are merits issues that this Court possessed no jurisdiction to decide or address.

Court's opinion, we request that the Court issue an order of clarification to that effect. In the alternative, this Court should, pursuant to RCFC 59(a)(1), amend its opinion to delete the sentence. Without jurisdiction to consider the merits, this Court lacks authority to issue a declaratory judgment or advisory opinion regarding the status of the contracts. See International Electronic Technology Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007) ("Without jurisdiction, courts would be rendering advisory opinions.").

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for clarification or, in the alternative, grant its motion for partial reconsideration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-6462

Attorneys for Defendant

Of Counsel:

ALTON E. WOODS
Assistant Solicitor

JAMES L. WEINER
EMILY E. PARKHURST
Attorneys
Department Of The Interior

May 14, 2007

CERTIFICATE OF FILING

I hereby certify that on May 14, 2007, a copy of "DEFENDANT'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Franklin E. White Jr.

FRANKLIN E. WHITE, JR.